NICHOLS, J., of the Seventh Appellate District, sitting by designation in the Second Appellate District.

SMITH, APPELLANT, *v.* AYRES, AUD., ET AL., APPELLEES.

(No. 1108—Decided July 20, 1945.)

*Mr. Jacob Levin,* for appellant.
*Mr. William G. Wickens,* prosecuting attorney, for appellees.

DOYLE, J. The sole debatable question in this appeal on questions of law from the Court of Common Pleas of Lorain county is whether real property, which has been sold, following tax delinquency, pursuant to the

forfeited land statutes, on a date between the day preceding the second Monday in April (the date of the establishment of a tax lien on real property—Section 5671, General Code) and the date upon which the real property tax lien becomes due and payable (the following December—Section 2653, General Code) is to be conveyed to the purchaser thereof, free and clear from the said April statutory lien.

Upon a reconsideration of this case, the members of this court are of the opinion that the Supreme Court of this state has so construed Section 5752, General Code, as to compel a determination that the purchaser takes title to the property free from the April lien, although not due and payable until after the sale. *State, ex rel. City of South Euclid,* v. *Zangerle, Aud.,* 145 Ohio St., 433.

A part of Section 5752, General Code, provides:

"Such sale shall convey the title to the said tract or parcel of land, divested of all liability for any *arrearages* of taxes, assessments, penalties, interest and costs which remain after applying thereon the amount for which it was sold." (Italics ours.)

In the opinion of the case cited, the word "arrearages" as used in the statute was given consideration, and it was there determined, as we construe the decision, that the word means "indebtedness," whether due or not due. Under this interpretation, and applying it to the case now under consideration, the statutory tax lien of April created a tax indebtedness against the property, and therefore it became an "arrearage" within the meaning of the statute which cleared the property of liability for "arrearages" upon sale.

The judgment of the Court of Common Pleas entering judgment for the defendants upon the pleadings

is therefore reversed, and the cause remanded for a hearing upon the merits.

*Judgment reversed.*

WASHBURN, P. J., and STEVENS, J., concur.